# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON THEUNDER JAMES, | 1:07-cv-01721-LJO-DLB |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF MANDAMUS |
| v. | |
| DENNIS R. SMITH, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Atwater, California and is proceeding with a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651.

In the instant petition, Petitioner contends that prison officials have violated his constitutional rights by failing to notarize his legal documents.

The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997).

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All

1

Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir.2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions. Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 2002 1985). As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498. "It is well settled that the writ of error coram nobis is not available in federal court to attack criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." Sinclair v. Louisana, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).

Petitioner's claim that prison officials have failed to notarize his legal documents does not warrant relief under the All Writs Act. At best, Petitioner's claim challenges solely the conditions of his confinement. Accordingly, the instant petition for writ of mandamus must be dismissed.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The instant petition for writ of mandamus be DISMISSED; and,

2.  The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District

1 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2 the Local Rules of Practice for the United States District Court, Eastern District of California.
3 Within thirty (30) days after being served with a copy, any party may file written objections with
4 the court and serve a copy on all parties. Such a document should be captioned "Objections to
5 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
6 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
7 objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
9 may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
10 Cir. 1991).

IT IS SO ORDERED.

Dated: **May 5, 2009**         /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE